UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KALIAPPAN STUBBS,<br><br>                Plaintiff,<br><br>    v.<br><br>GREEN RIVER COMMUNITY COLLEGE,<br><br>                Defendant. | CASE NO. C20-363 MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;<br><br>DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL |

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 20) and upon Plaintiff's Motion to Continue Trial (Dkt. No. 23). Having reviewed the Motions, the Response (Dkt. No. 24), the Reply (Dkt. No. 26), and the related record, the Court GRANTS Defendant's Motion for Summary Judgment, DENIES Plaintiff's Motion to Continue Trial, and DISMISSES this matter with prejudice.

**Background**

On May 18, 2017, while Plaintiff Kaliappan Stubbs was a student at Green River Community College ("GRC"), an anonymous source reported that Plaintiff said he was going to

1  bring a pistol to campus, saying, "I'm going to be a man tomorrow." (Dkt. No. 5 ("Compl.") at

2  9.) The following day campus security spoke to Plaintiff and he allowed them to search his

3  backpack, where they did not find any weapons. (Id. at 10.) Auburn Police conducted a welfare

4  check and Plaintiff alleges "[t]here were no issues found." (Id.) No action was taken that day,

5  but the Assistant Director of Campus Safety noted that Plaintiff appeared to be in a "mind state"

6  that warranted further observation. (Dkt. No. 21, Declaration of Deborah Casey, Ph.D ("Dr.

7  Casey Decl."), ¶ 7.)

8       On November 27, 2017, a staff member contacted Campus Safety because Plaintiff was

9  allegedly "cursing and yelling in the Student Affairs building." (Id., ¶ 8.) Plaintiff did not want

10 to speak with Campus Safety and told them he was leaving campus to catch a bus. (Id.)

11 According to the Campus Safety incident report, while Plaintiff was waiting for his bus he was

12 seen by another Campus Safety officer "clasping his hands together in the form of a gun, and

13 pretending to fire off shots at everyone around him to include the bus driver, myself, and

14 students around him." (Id., Ex. E at 33.)

15      Following this second incident, the Vice President of Student Affairs, Dr. Deborah

16 Casey, began an investigation into Plaintiff's conduct, by reviewing his college records and

17 interviewing members of the community. (Dr. Casey Decl., ¶ 10.) Dr. Casey determined that

18 Plaintiff had violated GRC's Rules of Student Conduct, as set forth in Washington

19 Administrative Code ("WAC") sections 132J-126-090(8) and 132J-126-090(20), which prohibit

20 intimidation and disorderly conduct. (Id., ¶ 11.)

21      On February 27, 2018 Dr. Casey and two Campus Safety employees met with Plaintiff, in

22 accordance with the disciplinary process set forth in WAC 132J-126-140. (Id., ¶ 13.) Plaintiff

23 was presented with options to complete course credits online or with the assistance of other

24

1  institutions, but he rejected these options.  (Id.)  Instead, Plaintiff disenrolled from all his courses
2  immediately after the meeting.  (Id.)  Dr. Casey informed Plaintiff that she found he had
3  committed threatening and disruptive conduct in violation of WAC 132J-126-090(8) and 132J-
4  126-090(20) and suspended him from campus until September 2021.  (Id., ¶ 14, Ex. I.)  Plaintiff
5  appealed the decision, writing: "[I] am not a threat to be around and/or to be on campus for [I]
6  am merely a student trying to finish my degree as it is part of my academic freedom rights."  (Id.,
7  ¶ 15, Ex. J.)
8      On April 19, 2018 the Student Conduct Committee heard arguments on Plaintiff's appeal
9  for nearly four hours.  (Id., ¶ 17.)  Both Parties presented exhibits and arguments.  (Id., Ex. L.)
10 On May 3, 2018 the Student Conduct Committee issued its findings of fact, conclusions of law,
11 holding that Plaintiff had violated the prohibitions against abuse, intimidation, and disorderly
12 conduct.  (Id., Ex. L at 271.)  Nevertheless, the Committee reduced the disciplinary sanction
13 from three years to two.  (Id.)  Plaintiff appealed the Committee's decision to GRC's President,
14 who issued a decision affirming the Committee's decision in all respects on June 12, 2018.  (Id.,
15 ¶ 20, Ex. O.)
16     On March 9, 2020, Plaintiff filed his Complaint alleging he was "wrongfully expelled"
17 and "persecuted as a student and a veteran."  (Compl. at 9.)  He does not list specific claims but
18 challenges the allegations against him and contends that Defendant did not offer key evidence
19 during the hearing and therefore failed to meet its burden of proving the charges against Plaintiff.
20 (Id. at 10.)
21     Defendant now moves for summary judgment, interpreting Plaintiff's allegations as
22 claims for violation of Plaintiff's right to Equal Protection, Due Process, and a claim of disparate
23 treatment pursuant to Title VI, 42 U.S.C. § 2000d.  (Dkt. No. 20.)  Plaintiff has filed a Motion to
24

Continue Trial, which appears to be a partial response to Defendant's Motion for Summary Judgment.  (Dkt. No. 23.)

## Discussion

### I. Defendant's Motion for Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court has an obligation, in civil-rights cases where the plaintiff is pro se, to afford the plaintiff the benefit of any doubt.  King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987), overruled on other grounds by, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012)).  However, although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim.  Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010).

While the Complaint did not set forth any claims or describe any law, Defendant has interpreted Plaintiff's allegations broadly, determining that he is bringing claims pursuant to 42 U.S.C. § 1983 for violation of his equal protection and due process rights and for disparate treatment pursuant to Title VI, 42 U.S.C. § 2000d.  These claims are addressed below. The Court finds that Plaintiff has made no allegations and brought forth no evidence in support of these claims.

### A. Section 1983 Claims

"From an abundance of caution" (Dkt. No. 20 at 4 n. 6), Defendant has interpreted Plaintiff's complaint to state claims for violation of Plaintiff's equal protection and due process rights brought pursuant to 42 U.S.C. § 1983.  The Court analyzes each claim in turn.

//

1. Equal Protection

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998)). In this case, Plaintiff has neither alleged that he was a member of a protected class nor that Defendant discriminated against him on that basis. Instead, he alleges he was "wrongfully expelled" and "persecuted as a student and a veteran." (Compl. at 9.) In his Motion to Continue Trial, Plaintiff further alleges that he has "been harassed and discriminated [against] in all sectors of business, housing, colleges, universities." (Dkt. No. 23 at 2.) But Plaintiff has not offered evidence of discrimination, "and conclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment." Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

2. Due Process

Plaintiff also alleges Defendant failed to afford him due process. He contends that during the hearing on his appeal, Defendant "failed to provide the two anonymous witnesses," the "times and dates of the anonymous caller interaction," and submitted evidence that named the wrong reporting officer. (Dkt. No. 23 at 1.) He also argues that the reported threats were misinterpreted. (Id.) Addressing the substance of these claims, Defendant notes that there was only one anonymous witness, and that person remained anonymous to the police department and Defendant. (Dkt. No. 24 at 3.) Plaintiff also received timely responses to his 52 discovery requests, where he asked for, among other things, the names of the anonymous witnesses, which Defendant did not have. (Dkt. No. 25, Ex. A.)

1    More importantly, Plaintiff was afforded significant opportunities to challenge the
2    charges against him. (See Dr. Casey Decl., ¶ 17.) Even in the absence of a hearing, a
3    "'university meets the requirements of procedural due process so long as the dismissal decision
4    is "careful and deliberate."' Brown v. Li, 308 F.3d 939, 954-55 (9th Cir. 2002) (quoting Board
5    of Curators of University of Missouri v. Horowitz, 435 U.S. 78 (1978)). Here, it is uncontested
6    that Defendant followed the procedures outlined in the WAC, providing Plaintiff with a
7    four-hour hearing and multiple appeals. (Casey Decl., ¶¶ 11–20, Exhibits I, J, K, L, M, N.)
8    Defendant's decision was "careful and deliberate," and "[c]onsequently, the facts, even when
9    viewed in favor of Plaintiff, do not establish a violation of procedural due process." Li, 308 F.3d
10   at 955.

11   **B. Title VI Claim**

12   Defendant also seeks to dismiss any claim Plaintiff may have asserted under Title VI of
13   the 1964 Civil Rights Act, 42 U.S.C. § 2000d et seq. Title VI provides that "[n]o person in the
14   United States shall, on the ground of race, color, or national origin, be excluded from
15   participation in, be denied the benefits of, or be subjected to intentional discrimination under any
16   program or activity receiving Federal financial assistance." "This statute creates a private cause
17   of action for claims of intentional discrimination." Mendoza v. Inslee, No. 3:19-CV-06216-
18   BHS, 2020 WL 1271574, at *4 (W.D. Wash. Mar. 17, 2020) (citing Alexander v. Sandoval, 532
19   U.S. 275, 279 (2001)). "The elements of such a claim are an allegation that the entity is
20   engaging in discrimination on the basis of a prohibited ground and that the entity receives federal
21   financial assistance." Mendoza, 2020 WL 1271574, at *4 (citing Fobbs v. Holy Cross Health
22   Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994) (citations omitted), overruled on other grounds by
23   Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001)). Because Plaintiff
24

has neither alleged discrimination based on race, color, or national origin nor offered any evidence to that effect, his claim under Title VI fails. (See Dkt. No. 20 at 7.)

## II. Motion for an Extension of Time

Plaintiff has filed a Motion for an Extension of Time, asking "the case to continue." (Dkt. No. 23 at 1.) Although much of Plaintiff's Motion appears to be a response to specific arguments raised by Defendant in its Motion for Summary Judgment, Plaintiff also cites several reasons for a continuance. He contends he has "not had the proper time to fully prepare [his] evidence," "[t]here has been zero communication by phone or email from the [D]efendant[] other than filing updates," and he has "limited resources, access to computers, financial hardships, and 21 police reports with 15 of them with case numbers where [he is] the victim." (Id. at 1-2.) In response to these allegations, Defendant has submitted a declaration and exhibit showing that defense counsel has been in frequent contact with Plaintiff, serving responses to Plaintiff's discovery requests and trading correspondence with him regarding discovery deadlines. (Dkt. No. 25, Ex. B.) Plaintiff's other contentions contain no specific facts to establish good cause for a continuance or stay of this case. The Motion is DENIED.

**Conclusion**

Plaintiff has failed to allege the basic elements of his claims and has not offered any evidence in support of his allegations. Neither has he established good cause to stay this matter. The Court therefore ORDERS as follows:

(1) Defendant's Motion for Summary Judgment (Dkt. No. 20) is GRANTED;

(2) Plaintiff's Motion to Continue Trial (Dkt. No. 23) is DENIED;

(3) Plaintiff's Second Motion to Continue Trial (Dkt. No. 27), which has not yet noted, is STRICKEN as moot; and

1  (4) This matter is DISMISSED with prejudice.

2

3  The clerk is ordered to provide copies of this order to all counsel.

4  Dated February 1, 2021.

_Marsha J. Pechman_
Marsha J. Pechman
United States Senior District Judge